Commonwealth ex rel. Fake *v.* Smith, Warden.

498

PER CURIAM, April 30, 1941:

By an 'indictment' prepared by the district attorney of Dauphin County under the Act of April 15, 1907, P. L. 62, to No. 214 January Sessions 1934, this relator, under the name Arthur Fake, alias Doctor Shaffer, and Stanley Gryeskinwiczi and Stanley Janisweski, alias Stanley Janey, were jointly charged with having on December 6, 1933, feloniously entered a certain building of John B. Curry & Son in Swatara Station, Derry Township, Dauphin County, with intent to commit a felony by the use of nitroglycerine and other high explosives, and that they did then and there feloniously steal certain valuable papers etc. of the value of $50. See Act of April 22, 1905, P. L. 279.

The 'indictment' shows the following endorsement signed by the defendants Fake and Janisweski: "Tues. Feb. 13, 1934. Defendants being arraigned plead guilty before bill found." We all have examined the signature, "Arthur Fake" which appears under the foregoing plea entered on this 'indictment', with the signature of relator on the present petition and are satisfied that the plea of guilty was signed by him. There is no merit in the relator's assertion that he did not enter a plea of guilty. He was sentenced to imprisonment in the Eastern State Penitentiary for not less than five years nor more than ten years, to be computed from the day of sentence, February 13, 1934.

The other grounds presented for his discharge were: (1) That the assistant district attorney, Carl B. Shelley, now district attorney, visited him in prison and persuaded him to plead guilty under a promise that he would not receive any sentence beyond the unexpired portion of a prior sentence which attached by reason of the violation of his parole; and that Mr. Shelley also told him the court would not appoint an attorney for him. (2) That while he was before the court awaiting sentence, a detective from Lebanon County appeared and interrupted the proceeding by informing the court that he, Fake, was suspected of having blown open the safe in Hawk's Store in Lebanon and taken several thousand dollars, but that they did not have enough evidence to convict him.

The district attorney, Mr. Shelley, under oath, circumstantially denied the allegations of the relator referred to under (1) above. Taking into consideration the long criminal record of the relator and his prior convictions for felony, we are not obliged to give credence to the relator's allegation as over against Mr. Shelley's denial. We do not accept them as true.

The district attorney admitted that a peace officer from Lebanon County did appear in court when Fake was called for sentence and stated to the court that he was suspected of having committed an offense in Lebanon County but that there was not sufficient evidence to warrant an arrest; but averred that the trial court did not act in any way that indicated any bias or prejudice against the defendant by reason of the appearance and statement of the said peace officer.

We are of opinion that this incident furnishes no ground for relator's discharge on habeas corpus.

The rule is discharged and petition denied.